# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF MIDDLESEX, OCTOBER TERM 1855, AT CAMBRIDGE.

PRESENT:

HON. LEMUEL SHAW, CHIEF JUSTICE.
HON. CHARLES A. DEWEY,  ⎫
HON. THERON METCALF,    ⎪
HON. GEORGE T. BIGELOW, ⎬ JUSTICES.
HON. BENJAMIN F. THOMAS,⎪
HON. PLINY MERRICK,     ⎭

---

## DUNBAR EASTMAN *vs.* COMMONWEALTH.

A bank note is sufficiently described as a " bank bill " in an indictment on Rev. Sts. *c.* 126, § 17, for stealing it.

In an indictment for stealing a bank bill of a denomination and value described, " of the goods and chattels of " a person named, the words " of the goods and chattels " may be rejected as surplusage, and the indictment remain sufficient.

WRIT OF ERROR to reverse a judgment by which the plaintiff was sentenced to three years' imprisonment in the state prison, on an indictment charging him with stealing " one bank bill of

the denomination of one hundred dollars, and of the value of one hundred dollars, one gold half eagle of the value of five dollars, and one wallet of the value of fifty cents, of the goods and chattels of one Daniel Carter."

The errors assigned were that the punishment was greater than was authorized by law, because the indictment was materially defective, 1st, in not describing, in the words of the statute, the instrument alleged to have been stolen, as " a bank note " ; 2dly, in describing said instrument as of the " goods and chattels " of one Daniel Carter.

*F. F. Heard,* for the plaintiff in error. The indictment is insufficient, because it describes the instrument alleged to have been stolen, as a " bank bill," instead of describing it, in the words of the Rev. Sts. *c.* 126, § 17, as a " bank note." *Rex* v. *Craven,* Russ. & Ry. 14. *Rex* v. *Chard,* Russ. & Ry. 488. 1 Stark. Crim. Pl. (2d ed.) 195, 196.

Bank notes should be laid as " the property " of the owner, and not as " goods and chattels." *The King* v. *Guy,* 1 Leach, (3d ed.) 276. *The King* v. *Morris,* 2 Leach, 525. 1 Stark. Crim. Pl. 196. *State* v. *Calvin,* 2 Zab. 207. The decision in *Regina* v. *Radley,* 3 Cox C. C. 460, and 1 Denison, 450, that the words " goods and chattels," though an incorrect description of money, might be rejected as surplusage, is in direct conflict with the opinion of this court in *Commonwealth* v. *Williams,* 2 Cush. 587, and with *Long's case,* Cro. Eliz. 490.

As the articles duly described amounted to less than one hundred dollars in value, the court had no authority to sentence the plaintiff in error to imprisonment for more than one year. Rev. Sts. *c.* 126, § 17. But the defendant might properly have been sentenced for the larceny of those articles. *Commonwealth* v. *Eastman,* 2 Gray, 76. *Hope* v. *Commonwealth,* 9 Met. 134.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

METCALF, J. The seventeenth section of *c.* 126 of the revised statutes, on which the plaintiff in error was indicted, prescribes the punishment of larceny by stealing (among other things) " any bank note " ; but the indictment charged him with stealing a " bank bill." We are of opinion that there is no error in this

for, throughout the revised statutes, the words " bank note " and
" bank bill " are used indifferently, and have the same meaning.
Rev. Sts. *c.* 36, §§ 8, 10, 29, 53, 56, 57, 58, 61 ; *c.* 120, § 4 ; *c.* 127,
§§ 4, 5, 8.   A bank bill, therefore, is a bank note.

Although bank notes or bills may not, perhaps, be properly
termed goods and chattels, in an indictment, yet, in the present
case, the words " of the goods and chattels " may be rejected as
surplusage, and the remaining words in the indictment will con-
stitute a sufficient charge of larceny.   So are the English decis-
ions.   *The King* v. *Morris*, 2 Leach, (3d ed.) 525.   *Regina* v.
*Radley*, 1 Denison, 450.   And they conform to our own decis-
ions in analogous cases.   *Commonwealth* v. *Simpson*, 9 Met. 138.
*Commonwealth* v. *Bolkom*, 3 Pick. 281.   See also *Commonwealth*
v *Moseley*, 2 Virg. Cas. 154.   *Judgment affirmed.*